10-2494-cr
United States v. Barone

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of Juy, two thousand ten.

PRESENT:  REENA RAGGI,
                 RICHARD C. WESLEY,
                 PETER W. HALL,
                            *Circuit Judges.*
------------------------------------------------------------------
UNITED STATES OF AMERICA,
                            *Appellee*,


                 v.                                    No. 10-2494-cr


JOSEPH S. BARONE,
                            *Defendant-Appellant*,


ANTHONY V. PILIERO,
                            *Defendant*.
------------------------------------------------------------------

SUBMITTING FOR APPELLANT:        Jose A. Muniz, New York, New York.

SUBMITTING FOR APPELLEE:         John T. Zach, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on June 11, 2010, is AFFIRMED.

Defendant Joseph Barone appeals from an order denying him bail pending trial on one count of conspiracy to commit murder-for-hire, one count of murder-for-hire, see 18 U.S.C. § 1958, and one count of possession of firearms by a convicted felon, see id. § 922(g).[1] We review a district court's bail determination, including its findings of fact pertaining to risk of flight, danger to the community, and the adequacy of any proposed bail conditions, for clear error, see United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995), and we will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed," United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted); see also United States v. LaFontaine, 210 F.3d 125, 130 (2d Cir. 2000). Detecting no such error in this case, we affirm.

Title 18 U.S.C. § 3142(e) permits a district court to order pretrial detention if, after a hearing, it concludes that "no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of . . . the community." In seeking pretrial detention, the government bears the burden of establishing risk of flight by a preponderance

---

[1] In light of the district court's ruling suppressing the firearms that are the basis for the § 922(g) charge, the government advises that it will not pursue this charge at trial.

of the evidence and dangerousness by clear and convincing evidence. See 18 U.S.C. § 3142(f); United States v. Sabhnani, 493 F.3d at 75. The government is not, however, bound by the rules of evidence, see 18 U.S.C. § 3142(f), and may proceed by proffer, see, e.g., United States v. Ferranti, 66 F.3d at 542 (citing United States v. Salerno, 481 U.S. 739, 743 (1987)).

Here, the record supports the district court's finding that Barone is both a danger to the community and a flight risk and that there is no combination of bail conditions that would reasonably assure his presence at trial or the safety of the community. Barone's dangerousness was clearly and convincingly evidenced by facts demonstrating both his readiness to commit the charged murder-for-hire and his past commission of crimes involving or threatening violence. At the time of his arrest, Barone was in possession of two firearms, ammunition, a bulletproof vest, a "how to" guide for conducting assassinations, and $50,000 in cash, all of which would have allowed the charged murder to be committed. In addition, in numerous conversations discussing the details of the planned murder with a confederate, Barone revealed his involvement in a number of past uncharged crimes, notably, his financing of a narcotics transaction, his authorization of arson, and his use of violence in furtherance of extortion.

While the district court acknowledged that Barone's prior cooperation and his initial release on bail might be viewed in his favor, it concluded that these factors were outweighed by (1) the nature of the crimes with which Barone was charged; (2) the strength of the

3

government's case; and (3) Barone's other personal characteristics and history, including the numerous uncharged crimes evidenced by the recordings and the contraband in his possession at the time of his arrest. See 18 U.S.C. § 3142(g). We identify no error in this conclusion, let alone clear error. The fact that Barone committed and planned violent crimes even when purportedly cooperating with authorities signals a degree of dangerousness unlikely to be deterred by bail release conditions. Further, Barone's failure to abide by the conditions of his initial bail release, when considered together with the lengthy term of incarceration he faced if convicted and the strength of the government's evidence, supported the district court's conclusion that Barone's proposed bail conditions could not reasonably assure his appearance at trial. See Anderson v. Bessemer City, 470 U.S. 564, 574 (1985) (noting that on clear-error review court will not disturb factual findings that are "plausible in light of the record viewed in its entirety"). Although Barone urges a different view of the relevant evidence, the law is clear that "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." United States v. Salim, 549 F.3d 67, 74 (2d Cir. 2008) (internal quotation marks omitted). In any event, even if our review were de novo, we would reach the same conclusion as the district court on the issues of risk of flight and dangerousness.

To the extent Barone urges us to direct his release on the ground that his seventeen-month pretrial detention violates due process, we conclude – for substantially the reasons stated by the district court – that the argument is without merit. As the district court

4

expressly found, Barone bears the brunt of the responsibility for any delay in the commencement of trial. Given the serious homicide charges at issue, the strong evidence inculpating Barone in those crimes, and the July 2010 trial date, we decline to order Barone's bail release based on the length of his pretrial detention.[2]

We have considered Barone's remaining arguments on appeal and conclude that they lack merit. For the foregoing reasons, the detention order is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Because Barone has been released from the Special Housing Unit, we need not consider his argument that such detention supports bail release.

5